SCHOOL DISTRICT NO. 36, MARSHALL COUNTY, and
Others v. SCHOOL DISTRICT NO. 31, MARSHALL
COUNTY, and Others.[1]

June 11, 1915.

Nos. 19,208—(115).

**Enlargement of school district.**
    Under G. S. 1913, § 2677, the county board may enlarge a school dis-
trict, having wholly within its limits an incorporated village of the char-
acter specified in the statute, by including lands wholly without such village
but contiguous to the district.

School District No. 36 of Marshall county, and the officers of that
district, appealed to the district court for Marshall county from an
order of the county board granting the petition of Frank Dahlgren
and others for an enlargement of the boundaries of School District
No. 31 as specified in the order. The appeal was heard before
Grindeland, J., who set aside the order of the county board. From
the judgment entered pursuant to the order for judgment, School
District No. 31, Frank E. Dahlgren and others, petitioners, and the
County Board of Marshall county appealed. Reversed.

*A. N. Eckstrom,* for appellants.
*Julius J. Olson, Charles Loring* and *G. A. Youngquist,* for re-
spondents.

DIBELL, C.
This is a proceeding under G. S. 1913, § 2677, for the enlarge-
ment of the boundaries of a school district in Marshall county.

The proceedings were in due form and the question presented in-
volves the construction of the following portion of section 2677:

"Provided, that when any incorporated borough, village or city
of seven thousand or less inhabitants, has within its limits a school
district, however organized, or is wholly or partly included within

1 Reported in 153 N. W. 253.

the boundaries of any school district, however organized, or whenever any such school district shall include within its boundaries part or the whole of any incorporated borough, village or city of seven thousand inhabitants or less, the boundaries of any such district or districts may be enlarged or changed so as to include all lands within the corporate limits of such borough, city or village or so as to include lands within and outside of such incorporated borough, city or village, but contiguous to said district."

The petition was made by School District No. 31, which includes the village of Alvarado, an incorporated village of the character included in the statute just quoted. It proposed to take certain lands from School District No. 36 and other lands, and attach them to School District No. 31. The county board, to which the petition is first presented for consideration, made its order attaching certain lands in School District No. 36 and certain other lands.

On appeal by School District No. 36 to the district court, the court directed that the order of the county board be vacated insofar as it set aside lands from School District No. 36 and attached them to School District No. 31. Judgment was entered accordingly. District 31 appeals and District 31 and District 36 are the only ones affected by the appeal.

The section calling for construction provides for the enlargement of a district in the following instances:

(a) When a village of the character specified has within its limits a school district, however organized.

(b) When the village is wholly or partly included within the boundaries of any school district, however organized.

(c) Whenever a school district includes within its boundaries the whole of an incorporated village of the character specified.

The enlargement may be made as follows:

(d) So as to include all lands within the corporate limits of the village.

(e) So as to include lands within and outside of the village, but contiguous to the district.

School District 31 is a district of the character referred to in "b" and "c" which are different statements of the same situation.

The enlargement of District 31 could not be made under "d," for the district has all the lands there referred to. If made at all it must be under "e."

The contention of District 36 is that District 31 cannot enlarge under "e," since it has all the lands of the village, and if it enlarges it must "include lands within and outside of" the village.

We cannot adopt this construction. In our judgment the enlarged district may include lands, under "e," either within or outside of the village, provided such lands are contiguous to the district. It is not necessary that both lands within and lands without the village be added. Under the construction we give, lands in District 36 contiguous to District 31 were subject to annexation.

We understand that the holding of the trial court was that the county board was without jurisdiction to enlarge District 31 by including any lands in District 36, though contiguous to District 31. The determination was not on the merits. Upon the new trial the question will be upon the merits.

Judgment reversed.