STATE EX REL. COMMON SCHOOL DISTRICT NO. 19 OF
MOWER COUNTY AND OTHERS v. COUNTY OF
MOWER AND OTHERS.[1]

October 17, 1921.

No. 22,412.

**Extension of school district — statute construed.**
    1. Chapter 236, Laws 1919, conferring upon a school district the right
to initiate proceedings before the board of county commissioners for
the annexation of adjacent land to its district construed and *held* not an
independent enactment on the subject matter thereof, but as supple-
mentary to G. S. 1913, § 2677, as conferring the same right upon the
school district as is there extended to the freeholders.

**Act valid.**
    2. As so construed the act is not unconstitutional.

**Right of appeal displaces certiorari.**
    3. G. S. 1913, § 2677, grants the right of appeal from orders made
thereunder and certiorari is not available as a method of review; the
right of appeal extends to proceedings initiated by a school district un-
der chapter 236, Laws 1919.

Upon the relation of Common School District No. 19 of Mower
county and others, the district court for that county granted its writ
of certiorari to review the proceedings of the board of county commis-
sioners changing the boundaries of certain school districts. The mat-
ter was heard by Catherwood, J., who quashed the writ. From an or-
der affirming the order of the county board and quashing the writ, the
relators appealed. Affirmed.

*Sasse & French* and *Parker & Gullickson,* for appellants.

*J. N. Nicholsen* and *Otto Baudler,* County Attorney, for respondents.

BROWN, C. J.

This proceeding for the change and alteration of the boundaries of

[1]Reported in 184 N. W. 791.

certain school districts in Mower county was brought before the board of county commissioners on the petition of school district No. 77, praying that certain land in an adjoining district be annexed to and made a part of the petitioning district, as authorized and provided for by G. S. 1913, § 2677. After due notice and hearing the prayer of the petition was granted, and an order attaching the land to district No. 77 made accordingly. Thereafter, on the application of certain taxpayers and property owners residing and owning property in the affected districts, a writ of certiorari was issued by the district court in review of the order so made. On return of the writ the matter was duly brought to a hearing, and after consideration thereof the court made an order discharging the writ and in all things affirming the order of the county board. From that order the objecting property owners appealed to this court.

The proceedings before the county board were instituted on the petition of school district No. 77, acting through its officers, under the authority conferred by the provisions of chapter 236, p. 232, Laws 1919. The question presented by the appeal is whether that statute has any application to the particular relief sought, namely, to annex to district No. 77 certain adjacent land situated in an adjoining district. We answer it in the affirmative.

The statute provides as follows:

"The school board of any school district in the state desiring to have land adjacent to or projecting into such district set off as and made a part of said district, may petition the board of county commissioners of the county in which such district is located, therein setting forth the name and kind of district involved, a description of the land in question, the name of the owner thereof, and the reasons for the request, which said board upon the receipt of such petition, shall give a notice of a hearing thereon as in other cases, and upon proof of the allegations in the petition, may make an order granting the same, and like notices of such change in the boundaries of such district shall be given as in other cases."

Although the statute on its face does not purport to be an amendment of or additional to the general statutes upon the same subject, G.

S. 1913, § 2677, et seq., its effect can be nothing other than supplementary thereto and to grant the right of petition to the school district to the same exent, within the limits of its express terms, as that statute grants and extends the right to the freeholders of the districts affected. The 1919 act clearly was not intended by the legislature as a separate and independent enactment on the subject; it is entirely too incomplete as a workable statute to justify the inference that the intention was that it should stand alone. And, moreover, the act itself requires the same procedure where the proceeding is instituted by a school district as when commenced on the petition of freeholders, or, as expressed therein, "as in other cases." No other like cases are provided for except in section 2677. And, as urged by counsel for respondent, the sole effect of the new statute was to authorize school districts to initiate proceedings for the additional coveted land to their authority and jurisdiction. It is in effect supplementary to or an enlargement of section 2677.

As so construed the act is not open to the constitutional objections urged against it by appellant. The subject matter of the statute is of purely legislative character, and no constitutional right of the citizen is thereby infringed. The prior statute has been sustained, and this must be also. Common School District No. 85 v. County of Renville, 141 Minn. 300, 170 N. W. 216. It is clearly competent for the legislature to declare the method and by whom proceedings of the kind may be commenced, and the right of initiation may be granted to one or more interested districts, as well as to individuals residing therein.

This conclusion renders unnecessary a discussion of the numerous points urged in support of the contention that the act of 1919 is unconstitutional and void. The suggestion that the act was intended to cover a special situation, and to apply to a single tract of land, conditions not coming within the terms of the general statute, is not without force. But it should not prevail. The subject matter of the act is substantially that of the general statute, and nothing materially new is found in the act of 1919. That the land here sought to be attached to district No. 77 comes within both enactments seems clear. State v. Village of Gilbert, 107 Minn. 364, 120 N. W. 528; Hobart v. City of Minneapolis,

139 Minn. 368, 166 N. W. 411; State v. Village of Kinney, 146 Minn. 311, 178 N. W. 815.

This covers the case and all that need be said in disposing of the appeal, except to call attention to the fact that the order made by the county board could have been reviewed by appeal, as given by section 2677. With that remedy present certiorari is not available. The parties, however, treated the act of 1919 as an independent enactment, and, since no appeal is there given, resorted to the remedy by certiorari. In this situation we have disposed of the case on the merits, but call attention to the existence of the right of appeal, as we construe the statute, for future guidance in similar proceedings.

Order affirmed.