# IN RE PETITION FOR EDWARD GLASSMAN v. ROBERT W. RADKE AND ANOTHER.[1]

May 26, 1922.

No. 22,829.

**State Industrial Commission — review of orders by certiorari.**

Certiorari is the only remedy for the review of orders or judgments of the State Industrial Commission in proceedings under the Workmen's Compensation Act. Section 60 et seq. of chapter 82, Laws 1921, granting the right of appeal was repealed or amended by chapter 423, Laws 1921, and certiorari there made the remedy of review in such matters.

In proceedings before the State Industrial Commission Edward Glassman was awarded compensation. The employer and insurer appealed to the industrial commission from the award of the referee, who affirmed the award. From the order confirming the referee's decision, defendant appealed. Dismissed.

*Barrows & Metcalf,* for appellant.

*Somsen, Dempsey & Flor,* for respondent.

PER CURIAM.

Proceedings for compensation granted and given by the Workmen's Compensation Act were duly instituted before the State In-

[1]Reported in 188 N. W. 286.

dustrial Commission as authorized by chapter 82, p. 90, Laws 1921. The matter was referred to the referee as there provided, who after due hearing found in favor of the injured employe and compensation was duly awarded to him. There was an appeal by the defendant to the industrial commission where the findings and decision of the referee were in all things sustained. From the order to that effect, defendant, the employer, appealed to this court.

We have fully considered the record and the briefs and arguments of counsel, and find therefrom sufficient evidence to sustain the findings of the referee. The injury suffered by the employe was a sunstroke, and the facts bring the case within State ex rel. Rau v. District Court of Ramsey County, 138 Minn. 250, 164 N. W. 916, L. R. A. 1918F, 918. However, the appeal is dismissed, for the reason that the remedy in such cases is certiorari. Chapter 82, p. 122, Laws 1921, § 60; as originally enacted, expressly provided for an appeal in such cases, but by chapter 423, enacted subsequent to chapter 82, the right of appeal was taken away and certiorari substituted in its place. And since the right of appeal is purely statutory, and the right not being given by the amended statute, the appeal taken confers no jurisdiction on the court.

We indicate our opinion on the merits to the end that the parties may avoid further expense in an effort to continue the litigation, following the policy pursued in Peters v. City of Duluth, 119 Minn. 96, 137 N. W. 390, 41 L. R. A. (N. S.) 1044, and in State v. County of Mower, 150 Minn. 163, 184 N. W. 791. It is a rule of practical convenience, ends litigation and no harm comes from its application where as here the point is not made by respondent by motion to dismiss or otherwise, the cause is argued and submitted on the merits, and there is no reversal or modification of an order or judgment ineffectively appealed from. The practice is followed elsewhere. Thornton v. Lambeth, 103 N. C. 86. The technical objection to it is overcome and outbalanced by the resulting benefits to the litigants.

Appeal dismissed.

HALLAM, J. (dissenting.)

My opinion is that, in view of the fact that this court has no jurisdiction, a determination of the merits is improper.

DIBELL, J. (dissenting.)

I concur with Justice Hallam.