INDEPENDENT SCHOOL DISTRICT NO. 36 OF WASHINGTON COUNTY v. INDEPENDENT SCHOOL DISTRICT NO. 68 OF WASHINGTON COUNTY.[1]

December 31, 1925.

No. 24,845.

**Petition sufficient in proceeding to annex territory to independent school district.**

1. A petition, signed by a majority of the legal voters of an independent school district and also of those residing within the territory proposed to be annexed thereto, such school district having an incorporated village of less than 7,000 inhabitants wholly or partly within its boundaries, is sufficient to give the county board jurisdiction in a proceeding under section 2748, G. S. 1923 (section 2677, G. S. 1913), to annex such territory to the independent district.

[1]Reported in 206 N. W. 719.

**Proviso not invalid as class legislation.**

    2.   The proviso to section 2748, G. S. 1923, authorizing the county board to attach territory to a contiguous, independent school district having an incorporated village of 7,000 inhabitants or less, wholly or partly within its boundaries, is not invalid as offending against section 36 of article 4 [Constitution], as class legislation.

**Findings sustained by evidence.**

    3.   The findings and order of the district court, sustaining the order of the county board annexing the territory in question to the school district and the order of the county board, are amply supported by the evidence.

    Appeal and Error, 4 C. J. p. 898 n. 92.
    Schools and School Districts, 35 Cyc. p. 840 n. 19.
    Statutes, 36 Cyc. pp. 833 n. 87, 88; 836 n. 99 New; 1010 n. 50.

From an order of the county board of Washington county granting a petition for the annexation of territory to School District No. 68 of the village of Newport, residents of School District No. 36, St. Paul Park, appealed to the district court for that county where the appeal was heard before Searles, J., who confirmed the order. From the judgment, Independent School District No. 36 appealed. Affirmed.

*W. H. Williams*, for appellant.

*Drill & Drill*, for respondents.

QUINN, J.

Prior to 1891, the territory comprising the two school districts here involved constituted one district known as District No. 36, of Washington county.   Under chapter 328, p. 944, Sp. L. 1891, the territory was divided into two districts:   One designated as Independent School District No. 36, which included the village of Saint Paul Park, having a population of about 1,000 people, and containing about 3,540 acres; and one designated as Independent School District No. 68, which included the village of Newport, having a population of about 500 and containing about 2,120 acres.   Both districts are similar in character, being largely urban, except the territory in controversy which is rural in character and consists of

about 1,120 acres. If the proposed change is established, it will re-
duce District No. 36 to about 2,400 acres, plus some swampy land
along the Mississippi river, and increase District No. 68 to about
3,260 acres. Prior to the division, the district had two school
houses, one in Saint Paul Park and the other at Newport, identical
in design and construction. Subsequently, the Saint Paul Park
district erected a new brick building of 8 or 10 rooms, steam-heated,
and electric-lighted, with running water, manual training rooms and
suitable modern conveniences, at a cost of something like $35,000.
The Newport district continues the use of its old building and main-
tains a semi-graded school, while the former district maintains
a fully graded school with a standard high school department.
For many years, children of families residing within the territory
proposed to be shifted have regularly attended the Newport school,
while several pupils residing in that district have attended the high
school in the Saint Paul Park district.

In May, 1923, a petition, signed by a majority of the *legal voters*
of District No. 68 and also of those residing within the territory to
be shifted, was filed with the auditor of the county on the thirty-
first day of that month. At the first meeting of the county board
after the filing of such petition, it was determined and ordered by
the board that a hearing upon the petition be had on August 7, at
the auditor's office, and directing the auditor to give notice accord-
ingly, which was done. A large number of the residents of the
two districts appeared with their attorneys and a full hearing was
had. The hearing was then postponed to October 2, and a further
hearing and consideration upon the petition were had. Thereafter,
the county board made and filed its order granting the petition. It
was found in the order that, as a matter of fact, the village of New-
port was a duly incorporated village, having a population of less
than 7,000 inhabitants; that the territory proposed to be attached
to that district lies partly within and partly without the village,
and that all outside of the village lies contiguous to that school
district, and that the proposed change is conducive to the good of all
the inhabitants of all the territory affected, and that all require-

ments of law, precedent to the granting of the petition and the making of the proposed change, had been complied with. The order also fixed and designated November 1, 1923, at ten o'clock in the morning as the time, and the auditor's office as the place, for the two districts to submit complete statements of their funds, moneys, credits, property and indebtedness for apportionment, and directed the auditor to give due notice thereof, which was done.

Thereupon, Independent School District No. 36 appealed from the order of the county board, so made and filed, to the district court of Washington county, on the ground that the county board had no jurisdiction to act in said manner; that it exceeded its jurisdiction, and that its action and order were against the best interests of the territory affected. After a full hearing, the district court made and filed its order affirming the action of the county board and ordered judgment accordingly. From a judgment entered upon such order, this appeal was prosecuted.

Appellant assigns as error: First, that the county board was without jurisdiction, for the reason that the petition was not sufficient to give jurisdiction; second, that the proviso to section 2677, G. S. 1913, as amended by chapter 304, p. 414, L. 1923, is unconstitutional, being based upon an improper and invalid classification of villages, cities and school districts; third, that the trial court erred in sustaining the order of the county board in that said order was manifestly against the interests of the territory of the two districts as a whole, unreasonable, arbitrary and an abuse of discretion; fourth, that the trial court erred in sustaining the order of the county board in that the same was not sustained by the evidence and is contrary to law.

The petition is based upon the provisions of section 2748, G. S. 1923 (section 2677, G. S. 1913). It was signed by a majority of the legal voters, residing within District No. 58, and by a majority of the legal voters residing upon the territory proposed to be annexed to said district. It contained a description of the land sought to be annexed to said district, and was duly filed in the office of the county auditor of the county on May 31, 1923. It is contended by

appellant that section 2748 has no application to the proceeding, and that a change of boundaries of such school districts must be had under the provisions of sections 2743, 2744, G. S. 1923.

We are unable to sustain these contentions. Section 2748 provides the procedure for changing the boundaries of a school district; for consolidating two or more districts; for annexing one or more districts to an existing district; and for enlarging districts containing the whole or part of a city, village or borough of 7,000 inhabitants or less by the action of the county board. As we understand, it is appellant's contention that section 2677, as amended, used the words "by like proceedings" and therefore the petition is insufficient and of no force because it does not conform to sections 2743 and 2744, G. S. 1923. It is argued that the words "by like proceedings" refer back to the sections of the statute last cited with special reference to the petition, that is, that the words "by like proceedings" have the same meaning as *by like petition*. We do not so construe the statute.

The purpose of the petition is to form and put into operation a legal proceeding for the purpose of enabling the board to examine into the proofs, inquire into the facts and the feasibility of the proposed project and to act thereon, and make a decision which, in their judgment, is for the best interests of the territory and all of the citizens concerned, in accordance with the purpose of the statute.

Section 2677 has been before this court and construed in like proceedings a number of times. In re Enlargement of School District No. 93 of Freeborn County, 155 Minn. 41, 192 N. W. 345; State v. County of Mower, 150 Minn. 163, 184 N. W. 791; Oppegaard v. Board of Co. Commrs. of Renville County, 120 Minn. 443, 139 N. W. 949, 43 L. R. A. (N. S.) 936; Common School District No. 85 v. County of Renville, 141 Minn. 300, 170 N. W. 216; Kramer v. County of Renville, 144 Minn. 195, 175 N. W. 101; School District No. 36 v. School District No. 31, 130 Minn. 25, 153 N. W. 253.

The petition is, in our opinion, sufficient to confer jurisdiction upon the county board and authorizes the annexation of the territory sought to be shifted. Common School District No. 85 v. County of Renville, supra; Kramer v. County of Renville, supra.

The proviso in section 2748, G. S. 1923 (section 2677, G. S. 1913), as amended by chapter 304, p. 414, L. 1923, is constitutional. The validity of that section of the statute was considered in the case last above cited. It was there said that "school districts are governmental agencies, wholly under the control of the legislature, and the statute does not infringe any rights secured by the Constitution." However, appellant urges that the proviso is special legislation, based upon an invalid classification. The proviso has been substantially the same since the passage of chapter 188, p. 212, L. 1907. Very many school districts have changed their boundaries upon petitions based upon this proviso. The proviso has become an established part of the law of this state relating to school districts. The language of the proviso is as follows:

"Provided, that when any incorporated borough, village or city of 7,000 or less inhabitants, has within its limits a school district, however organized, or is wholly or partly included within the boundaries of any school district, however organized, or whenever any such school district shall include within its boundaries part or the whole of any incorporated borough, village or city, of 7,000 inhabitants or less, the boundaries of any such district or districts may be enlarged or changed so as to include all lands within the corporate limits, etc. Upon the petition of a majority of the legal voters residing within such school district and a majority of the legal voters residing upon the lands proposed to be attached, etc."

The mere fact that section 36 of article 4 of the Constitution places cities, having a population of 10,000 or less, into a class designated as cities of the fourth class, in no way debars the legislature from making a classification of school districts wholly or partly within cities, boroughs or villages of 7,000 or less inhabitants, other conditions being such as to justify so doing; nor will the classification of cities, having a population of 10,000 or less, as cities of the fourth class, prevent a further classification of such cities for different purposes. Lodoen v. City of Warren, 146 Minn. 181, 178 N. W. 741. When it appears, as in the instant case, that the act will have a uniform operation throughout the state, then the requirement of the Constitution is satisfied.

The third assignment of error is directed at the proposition that the evidence is insufficient to support the order made by the county board. For the purpose of this appeal, there is no merit in that contention. The law governing the consideration, on appeal, of such an order, is well settled by the decisions in this state. Farrell v. County of Sibley, 135 Minn. 439, 161 N. W. 152; Hall v. Board of Co. Commrs. of Chippewa County, 140 Minn. 133, 167 N. W. 358; Common School Dist. No. 85 v. County of Renville, 141 Minn. 300, 170 N. W. 216; Indep. School Dist. No. 47 v. Meeker County, 143 Minn. 169, 173 N. W. 850; Dun. Dig. § 8664. The evidence is, in our opinion, manifestly in support of the order of the county board. What is here said applies to assignment number 4. The order must be sustained.

Affirmed.