ANDREW KONSCHAK v. EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES.[1]

July 1, 1932.

No. 29,025.

*Kellogg, Morgan, Chase, Carter & Headley,* for appellant.

*C. E. Warner* and *Mark F. Crotty,* for respondent.

LORING, J.

This is an appeal from a judgment for the plaintiff beneficiary in an action to recover on the double indemnity clause of a life insurance policy. This clause provided that twice the face of the policy was to be paid to the beneficiary upon proof that the death of the insured resulted solely from bodily injuries caused directly, exclusively, and independently of all other causes by external violence and purely accidental means.

[1]Reported in 243 N. W. 691.

August 8, 1928, Anthony Konschak, the insured, was engaged on road work near the town of Chaska. It was a hot day, and in the afternoon the road crew suspended work. Anthony spent the afternoon reading and lying around the yard at his home at or near Chaska. He assisted with the preparation of the evening meal, and late in the evening disappeared from the premises. As far as this record is concerned, his next appearance was in a caboose at the station of the Minneapolis & St. Louis Railroad at New Richland, about 65 miles from Chaska. He was there attended by a doctor, who found that he had a fractured skull, a fractured right elbow, and fractured bone of the right leg. He was taken to the hospital at Waseca, where he died the afternoon of the ninth. The doctor testified that in his opinion the death was the result of the injuries just mentioned. The record was silent as to how he received those injuries. At the close of the evidence in the trial court the defendant moved for a directed verdict, the jury found for the plaintiff, and the defendant moved for judgment notwithstanding the verdict. This motion was denied, and a judgment was entered. The case comes here upon appeal from that judgment.

■ It is the contention of the appellant that there is a failure of proof as to whether or not the injuries received were the result of accidental means. That it was caused by external violence cannot well be disputed. It is the contention of the appellant that it must affirmatively appear from the evidence that the means which caused the death were accidental; that it is not enough that the death may have been the unexpected result of some intentional act done by the insured without mischance, slip, or mishap.

Upon this feature of the case this court is committed to the more liberal doctrine that where the death is the unusual, unexpected, or unforeseen result of an intentional act, it occurs by accidental means, even though there is no proof of mishap, mischance, slip, or anything out of the ordinary in the act or event which caused such injury or death. Taylor v. New York L. Ins. Co. 176 Minn. 171, 222 N. W. 912, 60 A. L. R. 959; Farrar v. Locomotive Engineers Mut. L. & A. Ins. Assn. 143 Minn. 468, 173 N. W. 705. In this view we are supported by such well considered cases as Wiger v.

Mutual L. Ins. Co. 205 Wis. 95, 236 N. W. 534. In that case it was held that the term "accidental means" must be interpreted according to the usage of the average man. In the case of Lewis v. Ocean A. & G. Corp. 224 N. Y. 18, 21, 120 N. E. 56, 57, 7 A. L. R. 1129, Judge Cardozo, speaking for the court, said:

"But our point of view in fixing the meaning of this contract, must not be that of the scientist. It must be that of the average man [citing cases]. Such a man would say that the dire result, so tragically out of proportion to its trivial cause, was something unforeseen, unexpected, extraordinary, an unlooked-for mishap, and so an accident. This test—the one that is applied in the common speech of men—is also the test to be applied by courts [citing numerous cases]."

■ Admittedly there is a presumption that the insured did not intend to do an act which would cause his death, that is, he did not intend to commit suicide. There is also a presumption that no crime was committed upon his person which resulted in the injuries from which he died. It may not be important, but there is also a presumption against his negligence. We come then to the question of whether means shown to be external and violent are presumed to be accidental. Many cases hold that when there is no evidence as to how the external violence was received there is a presumption that the means were accidental. In the case of Hornby v. State L. Ins. Co. 106 Neb. 575, 184 N. W. 84, 85, 18 A. L. R. 106-110, there was no evidence as to how the insured received the wound from which he died except that he was seen pressing his thumb and picking at it as if to remove a sliver.

The court said [106 Neb. 579]:

"The wound and the nature of the wound are proved. Such an injury could only be the result of violent and external means, and, when the proof goes so far, the presumption is in favor of an accident. Under this condition of the evidence, aided by such presumption, we are unable to agree with the defendant's argument that the cause of the injury must be left entirely to conjecture or that the

jury was called upon to guess, without evidence or reasonable inference to guide it, between the theory that the wound was caused through accidental means and the theory that the insured had, himself, with some instrument voluntarily produced it."

In Preferred Acc. Ins. Co. v. Fielding, 35 Colo. 19, 83 P. 1013, 9 Ann. Cas. 916, the court had before it a case in which the insured, a short time prior to his death, was discovered to be suffering from burns which might have been produced by acid, molten iron, or direct contact with some hot object. Although the insured had stated that his condition was the result of natural causes, the court held that there was a presumption that he had been accidentally injured. In Wilkinson v. Aetna L. Ins. Co. 240 Ill. 205, 88 N. E. 550, 553, 25 L.R.A.(N.S.) 1256, 130 A. S. R. 269, the insured died in consequence of burns received in a burning building. There was no evidence as to whether the fire occurred accidentally or was intentionally started by the insured.

The court said [240 Ill. 214]:

"The law is well settled where the evidence shows that the insured has suffered an injury which has caused death and there is no proof in the record from which it can be determined whether the injury was accidental or self-inflicted, that the presumption is that the injury was accidental."

In the case of Jenkin v. Pacific Mut. L. Ins. Co. 131 Cal. 121, 124, 63 P. 180, 181, the court said:

"That the courts will presume that the death was the result of an accident, when nothing more is shown than that it was brought about by a violent injury, and the character of such injury is consistent with the theory of accident, seems to be a rule upheld by the great weight of authority."

See also Metropolitan L. Ins. Co. v. Broyer (C. C. A.) 20 F. (2d) 818; Baciocco v. Prudential Ins. Co. (D. C.) 22 F. (2d) 700; Mutual L. Ins. Co. v. Hatten (C. C. A.) 17 F. (2d) 889; U. S. F. & G. Co. v. Blum (C. C. A.) 270 F. 946.

We therefore hold that although the burden of proof is upon the plaintiff to show that the insured met his death by accidental means, that burden was sufficiently supported, in the absence of other proof, by the presumption which arises from external violence.

The judgment is affirmed.