## MELISSE TATE v. BENEFIT ASSOCIATION OF RAILWAY EMPLOYEES.[1]

July 15, 1932.

No. 28,949.

*Catherwood, Hughes & Alderson,* for appellant.

*Wright, Nelson & Plunkett,* for respondent.

PER CURIAM.

Defendant appeals from an order denying its motion for a new trial.

The plaintiff sued to recover $400 for the death of her husband, Henry L. Tate, under a benefit certificate issued to the husband by the defendant association. The benefit certificate provides that, in case of the death of Henry L. Tate "resulting from bodily injury, caused through external, violent and purely accidental means," when such injury, within 90 days from the time of the accident, "independently of all other causes" results in his death, the association

[1]Reported in 243 N. W. 694.

will pay to his wife, Melisse Tate, the sum of $400, subject to the conditions set forth in the certificate.

On June 30, 1931, a day of high temperature, the decedent, in the regular and usual course of his employment, worked in and was exposed to the sunshine and heat and suffered a sunstroke, from which he died on that day.

The defense urged is that the death was not caused through external, violent, and purely accidental means, independent of all other causes. There is no dispute in the evidence, and it is conceded that Henry L. Tate died from sunstroke under the circumstances stated. The question presented is whether sunstroke so sustained is an injury caused by purely accidental means. There are two lines of decisions, one line holding in effect that sunstroke or heat stroke sustained in a person's ordinary course of employment or activity is not an accident or caused by accidental means. Some decisions hold that sunstroke or heat stroke is a disease and not an injury from accident. The second line of decisions applies the rule that when injury or death is the unusual, unexpected, and unforeseen result of an intentional act or activity, the injury or death is accidental and caused by accidental means. This court has adopted the second rule. Mather v. London G. & A. Co. 125 Minn. 186, 145 N. W. 963; State ex rel. Rau v. District Court, 138 Minn. 250, 164 N. W. 916, L. R. A. 1918F, 918; Taylor v. New York L. Ins. Co. 176 Minn. 171, 222 N. W. 912, 60 A. L. R. 959; Konschak v. Equitable L. A. Society, 186 Minn. 423, 243 N. W. 691. See also Western C. T. Assn. v. Smith (C. C. A.) 85 F. 401, 40 L. R. A. 653.

Under this rule sunstroke is reasonably held to be an accident, causing injury by accidental means. That sun rays or heat rays, applied to a human body, are an external, violent force sufficient to cause bodily injury is well known.

The trial court found that the sunstroke suffered by Tate was a bodily injury caused through external, violent, and purely accidental means. The finding is sustained by the evidence and disposes of this appeal.

The memorandum of the trial court has been helpful.

Order affirmed.