## MARGARET McDONALD v. FULTON & RUNQUIST AND ANOTHER.[1]

December 9, 1932.

No. 29,156.

*William E. Tracy,* for relators.
*M. T. O'Donnell,* for respondent.

STONE, J.

Certiorari to the industrial commission to review an award to the dependent widow of a deceased employe.

█ It is beyond controversy that the deceased, Alexander McDonald, came to his death by a heat stroke suffered on the afternoon of June 30, 1931, while working for the employers on a railroad construction job near Keewatin, Itasca county. The day was hot, the mercury in the course of the afternoon having climbed to plus 97 degrees Fahrenheit. The day before it had been 100, and

[1]Reported in 245 N. W. 635.

the day before that 93. The nights had been warm in proportion. McDonald, either in spite of or because of his 65 years, was in rugged health, with unimpaired heart action. He was engaged in manual labor. When he succumbed he was assisting in putting a new axel in a dump-wagon. He and his fellow employes were working in a small clearing surrounded by brush typical of cut-over country. It reached a height of 15 to 20 feet and was so dense, it might well have been found, as to shut out or much impede whatever breeze was blowing. The evidence indicates that the country "for miles around" was more or less flooded by the effluent of a large ore-washing plant operated near by. If, as argued for relators, evidence of humidity was needed to support a finding that the heat stroke was attributable to causes peculiar to the employment, we cannot say that the flooded condition of a large portion of the neighboring area did not support such a conclusion. It was an exceedingly rocky neighborhood, the surface of the ground being given over largely to rocks of all dimensions, from gravel up. It was for the commission to determine to what extent they accentuated the heated condition of things which had prevailed thereabouts for several days. It is but another one of the too numerous compensation cases brought here to review a simple question of fact, which on sufficient evidence has been finally determined by the industrial commission.

█ The facts bring the case, as to its law, within State ex rel. Rau v. District Court, 138 Minn. 250, 164 N. W. 916, L. R. A. 1918F, 918. That and other cases (Glassman v. Radke, 152 Minn. 253, 188 N. W. 286; Kallgren v. C. W. Lunquist Co. 172 Minn. 489, 216 N. W. 241; Pearson v. Ford Motor Co. 186 Minn. 155, 242 N. W. 721; Tate v. Benefit Assn. of Railway Employees, 186 Minn. 538, 243 N. W. 694) align us with the authorities which hold that "heat prostration is an accidental injury arising out of and during the course of the employment, if the nature of the employment exposes the workman to risk of such injury. * * * Although the risk may be common to all who are exposed to the sun's rays on a hot day, the question is whether the employment exposes the employe

to the risk." Hughes v. St. Patrick's Cathedral, 245 N. Y. 201, 203, 156 N. E. 665. See also McCarthy's Case, 232 Mass. 557, 123 N. E. 87.

The order must be affirmed, with an allowance of $100 to respondent for her attorney's fee in this court.

So ordered.