## MARY MUDROCK v. WASHBURN CROSBY COMPANY AND ANOTHER.[1]

December 23, 1932.

No. 29,167.

*Durham & Lystad,* for relators.
*C. E. Warner* and *Mark F. Crotty,* for respondent.

WILSON, C. J.

Certiorari to the industrial commission to review an award of compensation.

Petitioner's husband, Nick Mudrock, was employed by employer-relator in a large mill as a trucker and loader. There was a group of modernly equipped buildings eight to eleven stories high. There were adjacent loading platforms and railroad tracks. The employe came to his death as a result of a heat stroke. The sole question is whether the accident arose out of the employment.

During a part of the day the employe was trucking flour with a hand truck carrying six sacks weighing 98 pounds each. The day was extremely hot. The existence of buildings with fire walls, of railroad tracks, forced ventilation, obstruction preventing circulation of air all tended to make the heat oppressive. The evidence is

[1]Reported in 243 N. W. 113.

that a government thermometer registered 103 at three p. m. Other near-by thermometers registered 90 to 103. At about 3:30 p. m. the employe was trucking loads of twenty 12-pound paper bags. It is sufficient to say that this man's work, under the circumstances described, tended to subject him to the severity of the heat. His work under such conditions exposed him to the risk of a heat stroke; in fact the heat risk was a necessary incident to the work under all the peculiar circumstances disclosed by the record. The case must be affirmed upon authority of McDonald v. Fulton & Runquist, 187 Minn. 442, 245 N. W. 635.

The language in State ex rel. Rau v. District Court, 138 Minn. 250, 164 N. W. 916, L. R. A. 1918F, 918, is susceptible to a too broad consideration. It was there in substance said, relative to a city employe suffering a heat stroke while working in the street, that an employe must be exposed to something more than the normal risk to which men in general engaged in manual labor upon the streets are subjected in hot weather. Undoubtedly the thought was that it was "necessary that the employment expose the employe to the hazard in some way peculiar to the employment so that he does not stand in relation thereto the same as the public generally." Lickfett v. Jorgenson, 179 Minn. 321, 323, 229 N. W. 138. As said in Novack v. Montgomery Ward & Co. 158 Minn. 495, 501, 198 N. W. 290, 293:

"Where the work and the conditions of the place where the employe is required to be as an incident to the employment, expose the employe to the happening of an event causing an accident, the accident arises out of the employment."

Such is also the holding in State ex rel. Peoples C. & I. Co. v. District Court, 129 Minn. 502, 153 N. W. 119, L. R. A. 1916A, 344; Hansen v. N. W. Fuel Co. 144 Minn. 105, 174 N. W. 726. As stated in Dunnigan v. Clinton Falls N. Co. 155 Minn. 286, 193 N. W. 466, the employe is not entitled to compensation unless in the performance of his duties he was exposed to the danger to a greater extent than the ordinary person in that locality. The language in the

Rau case, 138 Minn. 250, 164 N. W. 916, is not to be construed as requiring the employe to be exposed to risks greater than other employes engaged in the same or similar employment.

In Pearson v. Ford Motor Co. 186 Minn. 155, 159, 242 N. W. 721, 722, it was said:

"That the work or risk was common to all working in the glass department is not important or that it was not unlike that in many other employments. The risk was a necessary incident of this employment. Courts have not attempted generally to define the phrase 'arising out of  *  *  *  employment' so as to make a mutually exclusive and inclusive definition. The determination must be left much to the facts of the particular case."

See also Tate v. Benefit Assn. of Railway Employees, 186 Minn. 538, 243 N. W. 694. The controlling thought running through practically all the cases is whether the employment exposes the employe to the risk as aptly expressed in McDonald v. Fulton & Runquist, 187 Minn. 442, 245 N. W. 635.

The sum of $100 is allowed respondent as attorneys' fees.

The writ is discharged.