## COMMON SCHOOL DISTRICT NO. 2386, WABASHA COUNTY, v. COUNTY OF WABASHA.
### EDWIN J. SCHMIT AND OTHERS, INTERVENORS.

121 N. W. (2d) 767.

May 17, 1963—Nos. 38,812 to 38,826.

*Daniel F. Foley,* for appellant.
*Burkhardt & Dunlap* and *John A. McHardy,* for respondents.

FRANK T. GALLAGHER, COMMISSIONER.

This matter involves appeals from 15 separate judgments of the district court. Pursuant to a stipulation by and between the attorneys for the respective parties, this court ordered that said appeals be consolidated for hearing upon one set of records and briefs.

During 1959, 15 petitions were filed with the Wabasha county auditor requesting the Board of County Commissioners of that county to have land set off from Common School District No. 2386 and annexed to Common School District No. 2387 in some of the petitions and to Independent School District No. 810 in others.

The petitions filed by Edwin J. and Mrs. Edwin Schmit; John and Marie Wolf; John and Theresa Schierts; and Caroline K. Baab and Anthony and Melkina Schouweiler[1] alleged among other things that

[1]The Baab petition alleges that some of the land described in it adjoins and that other land is separated from District No. 2387 but will adjoin if the Schierts' petition is granted.

their lands are separated from Common School District No. 2387, to which annexation was sought, but would adjoin it if other pending petitions were granted by the board. For example, the Schmit petition stated: "That the above described land is separated from Common School District No. 2387 in the County of Wabasha, State of Minnesota, but will adjoin said Common School District No. 2387, if that petition for attachment and annexation of land herewith filed by John Schierts and Theresa Schierts is granted by this Board." Each of the other 11 petitions affirmatively asserted that the petitioner's land adjoined "the district to which it sought to be attached."

Because of different filing dates of the petitions and the publications necessary prior to the hearings, the county board ordered hearings on certain petitions for July 13, 1959, and for others on July 27, 1959. After the hearings held on July 13, 1959, resolutions, effective July 13, 1959, were passed by the board granting the petitions. In each case the pertinent language of the resolution passed was as follows:

"Now THEREFORE BE IT RESOLVED, That the petition of [the named person or persons] be granted effective July 13, 1959 and that the County Board issue its order granting the same."

The same procedure was followed in disposing of the petitions heard on July 27, 1959. In those cases the resolution read:

"Now THEREFORE BE IT RESOLVED, That the petition of [the named person or persons] be granted effective July 27, 1959 and that the County Board issue its order granting the same."

In each case the order granting the petition was dated the day following the hearing but made effective the day of the hearing. The orders were signed by the chairman of the county board and were attested to by the county auditor.

In each case, School District No. 2386, Wabasha County, appealed to the district court from the order of the county board setting off land from District No. 2386 to another district in the county. The cases were submitted to the district court by stipulation. The appeals to the district court were brought pursuant to Minn. St. 127.25 on grounds: (1) That the county board was without jurisdiction to act; (2) that it

exceeded its jurisdiction in granting petitions retroactive from the date of the order; and (3) that the order appealed from was based upon an erroneous theory of the law.[2] Appellant in each case moved for summary judgment on the above grounds, which motions were denied by the district court. The court also determined that the intervenors, who were the original petitioners, were entitled to judgments that the orders of the county board be affirmed.

School District No. 2386 appeals to this court from the judgments entered and asserts that the trial court erred in denying its motions for summary judgment and in entering conclusions of law and orders for judgment for the intervenor-respondents.

Some of the petitions were filed under Minn. St. 1957, § 122.016, which was repealed in 1959, while others, filed after July 1, 1959, were under Minn. St. 122.21, which replaces the former section and is the same except for subd. 6, which is not involved on this appeal.

The legal questions which we consider pertinent to these appeals are:

(1) Whether certain petitions for setting land off from one school district and annexing it to another meet the requirements of Minn. St. 122.21 so as to give the county board jurisdiction to act.

(2) Whether the county board exceeded its jurisdiction by, according to appellant, attempting to make retroactive orders setting off land from one school district and annexing it to another under § 122.21.

(3) Whether appellant's motions for summary judgment reversing the orders of the county board were properly denied.

■ Appellant argues that the county board had no jurisdiction to act and, if it did have, it exceeded its jurisdiction. With respect to the four above-named petitions, appellant contends that they fail to state that the lands involved "adjoin" or how they "will adjoin" the school districts to which attachment is sought. It also contends that failure to affirmatively assert in a petition that the lands "adjoin" a school district, or "will adjoin" if a companion petition is granted, and failure to

---

[2] Another ground for appeal—that the order appealed from was arbitrary, fraudulent, capricious, and oppressive—was withdrawn.

state that the land described on the companion petition adjoins such school district, is a fatal defect.

A petition in a matter of this kind is not a pleading. Its purpose is fulfilled if it puts before the county board the question which it is to determine so as to enable the board to make a proper inquiry, and if it enables the parties interested to urge their claims. Sorknes v. Board of Co. Commrs. 131 Minn. 79, 154 N. W. 669. This court said in In re Dissolution of School Dist. No. 33, 239 Minn. 439, 450, 60 N. W. (2d) 60, 67, that in proceedings of this kind a county board is not acting as a court of law but is "exercising a legislative function which is not governed by judicial standards."

Minn. St. 122.21, subd. 1, provides that, for the purpose of that section, land is adjoining a school district if:

"(a) The boundary of the area proposed for detachment and annexation is the same as the district boundary to which attachment is sought at any point, including corners, or

\* \* \* \* \*

"(c) The area proposed by a land owner for detachment and annexation is adjoining (as defined in subparagraphs (a) and (b) above) any land proposed for detachment from and annexation to the same district in another pending petition."

In so far as these appeals are concerned, § 122.21, subd. 2, provides:

"The petition shall contain:

"(a) A correct description of the area proposed for detachment and annexation, together with such supporting data with regard to location and title to land as will establish facts conformable to subdivision 1 hereof.

"(b) The reasons for the proposed change with facts showing that the granting of the petition will not reduce the size of any district to less than four sections, unless the district has not operated a school within the district during the past two years immediately preceding the issuance of the petition.

\* \* \* \* \*

"(d) An identification of the district to which annexation is sought.

"(e)   Such other information as petitioners may desire to affix.

"(f)   An acknowledgment by the petitioner."

An examination of the records involved herein satisfies us that the petitions contained sufficient description under the facts and circumstances here to inform the county board in the four cases named above that the area proposed by the petitioners for detachment and annexation adjoined the "land proposed for detachment from and annexation to the same district in another pending petition."

It appears to us that the legal description and other matters set out in the petitions were sufficient to permit an investigation by the county board as to the correctness of the claim of the petitioners that they adjoined land proposed for detachment from and annexation to the same district in another pending petition.

In Independent School Dist. No. 36 v. Independent School Dist. No. 68, 165 Minn. 384, 388, 206 N. W. 719, 720, it was stated:

"The purpose of the petition is to form and put into operation a legal proceeding for the purpose of enabling the board to examine into the proofs, inquire into the facts and the feasibility of the proposed project and to act thereon, and make a decision which, in their judgment, is for the best interests of the territory and all of the citizens concerned, in accordance with the purpose of the statute."

It must be assumed that the members of the county board are still residents of the County of Wabasha; that they proceed more or less informally in these hearings; that they had county maps and plats available from which the legal descriptions could be checked regarding questions of adjoining land; and that they did not act blindly in passing their resolutions and making their orders. For us to say now that the four petitions are fatally defective because every detail of the procedure was not observed would seem to be an injustice to the parties concerned. As to the other 11 petitions, appellant admits that they affirmatively assert that the petitioners' lands "adjoin" the district to which it is desired to have it attached.

Appellant argues, however, that there has not been a substantial compliance with the provisions of § 122.21, subd. 2, because supporting data

such as plats or maps were not provided. We are satisfied that the descriptions of the lands contained in the petitions were sufficient to apprise the county board of the facts with regard to location of such lands in relation to the school districts. See, In re Merger of Certain School Dists. Pipestone County, 246 Minn. 110, 74 N. W. (2d) 419; Paynesville Land Co. v. Grabow, 160 Minn. 414, 200 N. W. 481.

Moreover, even if the provisions of § 122.21, subd. 2, included a requirement, which they do not, that a plat or maps should be submitted with the petitions to verify and support the location of the land as alleged in the petitions, the fact that such plats in a case were inadequate or deficient for that purpose would not per se render the petitions themselves invalid for the purpose of granting jurisdiction to the county board. In such cases, particularly as here, where objection to the petitions on this ground is made after action has been taken thereon by the county board, such deficiencies will be treated as irregularities rather than jurisdictional, and especially where otherwise there has been substantial compliance with the statutory mandates. See, In re Common School Dists. Lyon and Yellow Medicine Counties, 231 Minn. 40, 42 N. W. (2d) 393.

The result here seems particularly clear where appellant school district has failed to show how it was misled or the county board prejudiced by any such irregularity in the petitions. See, In re Common School Dists. Lyon and Yellow Medicine Counties, *supra*; In re Consolidated School Dist. No. 16, 241 Minn. 454, 63 N. W. (2d) 543. We hold that there has been such a substantial compliance with the statute as to make the petitions valid, and that the county board was within its jurisdiction in acting as it did in that phase of the case.[3]

■ The second legal question raised by appellant is whether the county board exceeded its jurisdiction by issuing retroactive orders where the evidence shows that the board issued orders in certain cases dated July 14, 1959, effective July 13, 1959, and in other cases dated July 28, 1959, effective July 27, 1959, and where no fraud or mistake in the issuance of any such order was claimed or proved.

---

[3]See, In re Dissolution of School Dist. No. 33, 239 Minn. 439, 60 N. W. (2d) 60; Sorknes v. Board of Co. Commrs. 131 Minn. 79, 154 N. W. 669.

At the outset, the county board was powerless to make any order retroactive. For one reason, as stated above, the county board acting in this capacity performs a legislative function[4] and legislation by definition looks to the future and changes conditions by making new rules to be thereafter applied. See, Prentis v. Atlantic Coast Line Co. 211 U.S. 210, 29 S. Ct. 67, 53 L. ed. 150. Furthermore, the county board acting in this regard is a quasi-municipal corporation. Cf. Connor v. Board of Education, 10 Minn. 352 (439). As such, it has no common-law powers but only those specifically conferred or necessarily implied to carry out powers expressly granted. Cf. Board of Education v. Houghton, 181 Minn. 576, 233 N. W. 834; Board of Education v. Sand, 227 Minn. 202, 34 N. W. (2d) 689. Accord, School Dist. of Omaha v. Adams, 151 Neb. 741, 39 N. W. (2d) 550.

Section 122.21, subd. 4, provides that the "order may be made effective at a deferred date not later than July 1 next following its issuance. * * * Failure to issue an order within six months of the filing of the petition or termination of proceedings" constitutes a denial of the petition. But no powers are expressly granted to make any such order effective retroactively, and manifestly none may be implied by reason of necessity.

However, we do not deem the order of the county board to have been made retroactive. In the first place, unlike a judicial order or decree, the order of the county board does not require a formal entry to become effective. Badian v. Hickey, 228 Md. 334, 179 A. (2d) 873. See, also, Mushel v. Board of Co. Commrs. 152 Minn. 266, 188 N. W. 555. Subd. 4 of the statute does prescribe that the auditor "shall transmit a certified copy to the commissioner" of education. Subd. 5 thereof explains the purpose of this requisite: The commissioner shall "modify his records and any plats and petitions and proceedings involving districts affected by such order presently before him for action or record, to conform to the order." Once the resolutions were passed by the county board upon valid petitions and after notice to the parties and hearings, everything that the statute required, which was to affect the rights of those parties,

---

[4]E. g., Irons v. Independent School Dist. No. 2, 119 Minn. 119, 137 N. W. 303; Farrell v. County of Sibley, 135 Minn. 439, 161 N. W. 152.

had been accomplished. The transcribing of the orders themselves was only a recording of the action previously taken. There is nothing in the record to indicate that the delay in preparation of the orders was intended by the board and that the effective dates of the orders were intended to be retroactive. There is no justification in reason or logic why the unanticipated delay in preparing such orders past the effective date thereof should cause the invalidation of the entire proceedings on ground the board exceeded its jurisdiction, particularly where there has been substantial compliance with the statutory procedure. We hold, therefore, that the orders were issued as prescribed by the statute when the resolutions were made after a full hearing upon notice to the parties interested in the proposed action, and that the orders were prospective and valid.

■ The last question of law raised by appellant is whether summary judgment should have been entered reversing the county board. In view of what has been discussed, no error is found.

Affirmed.