## STATE ex rel. PEOPLES COAL & ICE COMPANY v. DISTRICT COURT OF RAMSEY COUNTY and Another.[1]

June 4, 1915.

Nos. 19,261—(182).

#### Workmen's Compensation Act — death from lightning.

A driver for an ice company was required to follow a fixed route, in substantial disregard of weather conditions, though permitted to seek shelter in times of necessity. When a severe rain storm accompanied by lightning was in progress, he left his team and went to a tall tree just within the lot line, either for protection or in the performance of his duties soliciting orders. Lightning struck the tree, and the same bolt struck him, and he was killed. It is *held* that the evidence sustains a finding that the death of the decedent was the result of an accident "arising out of" his employment within the meaning of the Workmen's Compensation Act (Laws 1913, c. 467, § 9).

Upon the relation of Peoples Coal & Ice Co., this court granted its writ of *certiorari* to review the judgment of the district court for Ramsey county, Kelly, J., in the case of Caroline Newmann against relator.

*Barrows, Stewart & Ordway,* for relator.

*Durment, Moore & Oppenheimer* and *Frank C. Hodgson,* for respondent.

DIBELL, C.

*Certiorari* to the district court of Ramsey county to review its judgment adjudging that Caroline Newmann was entitled to compensation under the Workmen's Compensation Act for the death of her son.

The deceased was employed by relator as a driver on one of its ice routes. He drove an open wagon and his duties required him to work in all kinds of weather. It was permissible to seek shelter from storms, in such way as one might; but the necessity of prompt

[1] Reported in 153 N. W. 119.

daily deliveries required the drivers to complete their routes in substantial disregard of weather conditions.

On the morning of September 1, 1914, during a severe rain storm, accompanied by lightning, the deceased was on his usual route. He left his team in the street and went towards a large elm tree standing just within the lot line, either for protection from the storm, or on his way to solicit orders. There was an iron fence along the lot. Just as he reached the iron fence lightning struck the tree and struck him and he was killed, his body falling upon the fence. It may be mentioned, though little importance is attached to it, that he carried a steel pick in a holster on his left hip in accordance with the usual custom. He had been working all morning in the storm, using an uncovered wagon, and subject to the elements.

The Workmen's Compensation Act, so far as here material, requires compensation to be paid by the employer "in every case of personal injury or death of his employee, caused by accident, arising out of and in the course of employment. * * * " Laws 1913, p. 677, c. 467, § 9.

In State v. District Court of St. Louis County, supra, page 176, 151 N. W. 912, we adverted to the distinction drawn by the courts between the statutory phrases "arising out of" and "in the course of." We did not then deem it wise to attempt the making of a definition accurately distinguishing the two phrases; and the case before us does not call for such distinction. We leave ourselves free to determine the meaning of the compensation act, and the constructions which should be given its various provisions as litigation presents them. Counsel concede that the only question is whether the death of the decedent was from an accident arising out of his employment, it being conceded that his death by lightning was an accident. They base their arguments chiefly upon cases involving injury or death by lightning, supplemented by cases illustrating the principles thought to underly them.

If the deceased was exposed to injury from lightning by reason of his employment, something more than the normal risk to which all are subject, if his employment necessarily accentuated the natural hazard from lightning, and the accident was natural to the em-

ployment, though unexpected or unusual, then a finding is sustained that the accident from lightning was one "arising out of employment." An injury, to come within the compensation act, need not be an anticipated one; nor, in general, need it be one peculiar to the particular employment in which he is engaged at the time.

Only three cases involving deaths from lightning are cited—an English, an Irish and an American case. Since the submission of the case another American case, Klawinski v. Lake Shore & M. S. Ry. Co. (Mich.) 152 N. W. 213, has been decided.

In Andrew v. Failsworth Industrial Society, Limited, (1904) 2 K. B. 32, 90 L. T. 611, a leading case, a bricklayer was killed by lightning, while working on a scaffold some 23 feet from the ground. His position, under the evidence adduced, subjected him to peculiar danger and risk from lightning. A finding that his death arose out of his employment was sustained.

In Kelly v. Kerry County Council, 42 Ir. L. T. 23, it was held that one killed by lightning while working on a public road did not come to his death from an accident "arising out of his employment." The court distinguished the facts of the case from those present in the Andrew case just cited, holding that there was present no peculiar risk or danger incident to the employee's work so that it could be said that the accident arose from his employment. No evidence was offered of a peculiar risk or hazard from lightning incident to his employment.

The English case and the Irish case are not regarded as inconsistent. In the Scotch case of Rodger v. School Board, 1912 S. C. 584, the court, in commenting upon them, tersely states the distinction in this way:

"To be struck by lightning is a risk common to all and independent of employment, yet the circumstances of a particular employment might make the risk not the general risk, but a risk sufficiently exceptional to justify its being held that accident from such risk was an accident arising out of the employment."

In Hoenig v. Industrial Commission of Wisconsin, 159 Wis. 646, 150 N. W. 996, an employee was struck and killed by lightning while working on a dam. The Industrial Commission held that his

death did not arise out of his employment. The circuit court affirmed its holding, saying, however, that upon the same evidence it would not make a like finding, and its holding was sustained by the supreme court. By the Wisconsin statute the findings of the commission are final upon questions of fact; and by section 30 [p. 688] of the Minnesota act the review by the supreme court in compensation cases is by *certiorari,* and it is a review of questions of law and not of questions of fact.

The Michigan case, Klawinski v. Lake Shore & M. S. Ry. Co. supra, involved the death of a railway section hand killed by lightning when in a barn near the right of way to which he had gone for protection from a storm. The court cites the Irish case, Kelly v. Kerry County Council, supra, which it considers controlling. It cites no other case, but refers to the holding of the Wisconsin Industrial Commission, affirmed in Hoenig v. Industrial Commission, supra. The man was exposed to no peculiar danger by the character of his work. The court, in referring to cases under the English law, said that compensation had always been denied for injury by lightning "except in cases where the employment necessarily placed the employee at the time of his injury in a position subjecting him to unusual risk from lightning." The opinion of the court was that "decedent by reason of his employment was in no way exposed to injuries from lightning other than the community generally in that locality."

Many other cases, useful in arriving at a conclusion, are cited in the very helpful briefs of opposing counsel, and in the carefully considered memorandum of the trial court. We do not stop to review them. They are the subject of editorial consideration in the monographic notes of the different series of selected cases and in the legal journals of the period and are easily accessible to the profession. See 1 Bradbury's Workman's Compensation Act, 398–518.

We are of the opinion that the evidence is sufficient to sustain a finding that the accident to the decedent resulting in his death was one "arising out of" his employment.

Judgment affirmed.