## STATE EX REL. C. N. NELSON v. DISTRICT COURT OF RAMSEY COUNTY AND OTHERS.[1]

November 2, 1917.

No. 20,662.

**Workmen's Compensation Act — freezing an accident arising from employment.**

> The evidence is *held* to sustain a finding that the injury to the relator, a janitor, who was frozen in severely cold weather while shoveling snow from the sidewalks about a building, was an accidental injury arising out of his employment within the Workmen's Compensation Act.

Upon the relation of C. N. Nelson the supreme court granted its writ of certiorari directed to the district court of Ramsey county, the Honorable Charles C. Haupt, one of the judges thereof, and the Northwestern Telephone Exchange Company, to review the proceedings in the latter court under the Workmen's Compensation Act brought by relator, as employee, against respondent company, as employer. Reversed.

*John I. Levin*, for relator.

*E. A. Prendergast*, for respondent.

DIBELL, C.

Certiorari to the Ramsey county district court to review a judgment denying the relator compensation under the Workmen's Compensation Act.

The relator was employed by the Northwestern Telephone Exchange Company. While so employed he froze his big toe and the freezing resulted in the amputation of his leg. The injury was sustained in the course of his employment. The court found that the freezing was not an accident. It found that it arose out of his employment. Since the trial we have held that freezing is an accident. State v. District Court of St. Louis County, supra, page 131, 164 N. W. 585. If the finding that the freezing arose out of his employment within the meaning of the com-

1Reported in 164 N. W. 917.

pensation act (G. S. 1913, § 8195), is sustained, the relator should have compensation and the judgment should be reversed; otherwise he should not and there should be an affirmance.

The relator was a janitor employed by the telephone company at its midway exchange in Merriam Park. His duties were the usual ones of a janitor. Using his language he was "required to keep the building clean, keep the fire going, shovel the snow off the sidewalk whatever time it was necessary—all such things that belong to a janitor to do." On February 22, 1916, he went to the building about 5 o'clock in the morning, attended to the fires, did some other little things about the building, and then started to shovel the snow from the sidewalks. There had been a heavy fall the night before. He had to shovel a 50 foot front and 140 feet back to the alley. The snow was two or two and a half feet deep. The weather was very cold. The work of shoveling required perhaps one and a half hours. While doing the work he went from time to time into the building to see to the fires and could go at any time he chose. These are the important facts.

In State v. District Court of St. Louis County, supra, page 131, 164 N. W. 585, we held that the finding of the court that the freezing there involved arose out of the employment was sustained by the evidence. The workman was employed in the northern woods swamping, was several miles from camp, had no facilities for warming or protecting himself, and was peculiarly exposed to severely cold weather. The question whether the trial court's finding was sustained was not difficult. The one presented by the record before us is. The direct authorities upholding findings in freezing cases are few. We cite those called to our attention. McManaman's Case, 224 Mass. 554, 113 N. E. 287 (stevedore unloading a steamer; exposed to greater cold than that to which one working in the open is ordinarily exposed; not at liberty to stop work to protect himself); Day v. S. Trimmer & Sons, 176 App. Div. 124, 162 N. Y. Supp. 603, 604 (workman unloading coal from delivery wagon and carrying into houses of customers; coal wet and weather severely cold); Larke v. John Hancock Mut. Life Ins. Co. 90 Conn. 303, 310, 311, 97 Atl. 320, L.R.A. 1916E, 584 (insurance solicitor and collector required to travel in the open weather 15 or 20 miles in very cold weather; made numerous calls; went in and out of heated houses); Canada Cement Co. v. Pazuk,

22 Quebec K. B. 432, 433, 12 D. L. R. 303, 7 N. C. C. A. 982 (employee working at the bottom of a quarry pit in intense cold for long hours). In the Massachusetts case the court concluded that the finding that the workman was exposed to "materially greater danger and likelihood of getting frozen than the ordinary person or outdoor worker," was sustained. In the New York case the court said that the industrial commission "was fully justified in finding from the evidence that the claimant, by reason of his employment in handling wet coal in the storm, was specially affected by the severity of the weather." The Connecticut case was, in the view of the court, "a clear case of an employee injured as a result of a greater exposure to the elements than persons in that locality are ordinarily subjected." In the Quebec case the court in the course of an extended discussion said:

"Thus, as a general principle, the employer is not responsible for damages caused to his workmen by lightning, storms, sunstroke, freezing, earthquakes, floods, etc. These are considered as 'force majesture,' which human vigilance and industry can neither foresee nor prevent. The victim must bear alone such burden, inasmuch as human industry has nothing to do with it and inasmuch as the employee is no more subject thereto than any other person. * * * Every human being is liable to suffer from events in which he has no share of responsibility. There is here between the accident and the employment no relationship of cause and effect. Hence it cannot be said of such an accident that it arises out of or in the course of employment. But where the work, or where the conditions under which it is carried on, expose the employees to the happening of a force majeure event, or contribute to bring it into play or to aggravate its effects, then we are no longer face to face with the sole forces of nature. This is no longer a risk to which everybody is exposed; this is a danger which threatens more particularly the employees who work under special conditions. Hence the occurring of a force majeure event under such circumstances is an accident arising out of the employment."

There are two cases in which findings that the freezing did not arise out of the employment were sustained. Warner v. Couchman [1912] A. C. 35, affirming [1911] 1 K. B. 351, 353 (journeyman baker delivering bread from his cart; weather cold and stormy; hands exposed to

weather) ; Karemaker v. S. S. Corsican, 4 B. W. C. C. 295, 297 (seaman at work on his ship in harbor; handling frozen ropes; weather very cold but not abnormally so).

In the first the finding of the county court that the workman was not exposed to more than the ordinary risk of those working in the open was sustained; and the court of appeal was "unable to see that there was any peculiar danger to which the applicant was exposed, beyond that to which that large section of population who are drivers of vehicles, or who are otherwise engaged as out-of-door laborers, are exposed." Emphasis was placed upon the thought that the question was one of fact. In the other the finding of the county court was sustained with the suggestion that "the liability to frost-bite is one of the normal incidents to which everybody is subjected by reason of the severity of the climate." We find no other freezing cases.

Cases involving sunstrokes or heat strokes present a similar question. They are the subject of review in State v. District Court of Ramsey County, supra, page 250, 164 N. W. 916, a heat stroke case, where the evidence is held such as to authorize a finding that the injury arose out of the employment. And we have held that the character of an employee's work may so expose him to the risk of injury by lightning that a finding of a causal connection is sustained. State v. District Court of Ramsey County, 129 Minn. 502, 153 N. W. 119, L.R.A. 1916A, 344.

The trial court was justified in finding that to an appreciable extent the relator was more exposed to the risk of injury from freezing than the generality of workers and that the added risk was because of the character of his employment. The causal test of the law is satisfied; and without prolonging the discussion we hold that the relator's work so exposed him to freezing that the finding that it arose out of his employment is sustained.

Judgment reversed.