## MICHAEL DUNNIGAN, EMPLOYE v. CLINTON FALLS NURSERY COMPANY, EMPLOYER.

## INTEGRITY MUTUAL CASUALTY COMPANY, INSURER.[1]

April 27, 1923.

No. 23,335.

**Employe entitled to compensation under the statute.**

1. Where conditions incident to the performance of his duties concur with an act of God in causing an injury, the employe is entitled to compensation.

**When findings of industrial commission are conclusive.**

2. The findings of the industrial commission are conclusive if sup-

[1]Reported in 193 N. W. 466.

ported by evidence from which a reasonable mind could draw such conclusions.

### Injury to employe arose from employment.

3. While claimant was at work with a team and harrow in an open field, the team was killed by lightning and claimant fell striking his head on the harrow and fracturing the outer table of his skull. *Held* that the evidence is sufficient to sustain the finding that the injury arose out of his employment.

Upon the relation of Clinton Falls Nursery Company and another the supreme court granted its writ of certiorari directed to the Industrial Commission of Minnesota to review its judgment in a proceeding under the Workmen's Compensation Act brought by Michael Dunnigan, employe, against Clinton Falls Nursery Company, employer, and Integrity Mutual Casualty Company, insurer. Affirmed.

*M. C. Tifft, H. H. Rolfe* and *Samuel A. Harper,* for relators.

*George H. Drowley,* for respondent.

TAYLOR, C.

Certiorari to review an award of the industrial commission under the Workmen's Compensation Law, repealed and superseded by chapter 82, p. 90, Laws 1921.

On the afternoon of May 11, 1922, the claimant, Michael Dunnigan, an employe of the defendant nursery company, was at work in an open field with a team and common harrow. A man named Frank Harlicher was operating a steel tractor in the same field and was 10 or 12 rods from Dunnigan at the time of the accident. Clouds were gathering in the southwest, but it had not begun to rain. Without any premonitory signs there was a flash of lightning. Harlicher turned at the flash and saw that Dunnigan and his horses had fallen. He went over to them and found that the horses were dead and that Dunnigan had fallen face down on the harrow striking his forehead on the top of one of the iron teeth. Dunnigan, who was only semiconscious, was taken to a hospital where the attending physician found that the outer table of his skull had been fractured

where it struck the harrow. This is the injury for which the award was made. When he regained consciousness, Dunnigan had no knowledge of what had happened and could give no information concerning it. An examination disclosed that both horses had been burned on their breasts and down their inside front legs by the lightning. They had pitched forward on their knees. Dunnigan had no burns or marks made by the lightning, and there is nothing to indicate that it passed any nearer to him than the point where it struck the horses.

It is conceded that the injury occurred in the course of his employment, and the question is whether the evidence and the permissible inferences from it are sufficient to sustain the finding that it arose out of his employment. The relator contends that the injury was caused by a bolt of lightning; that where the injury results from what is termed an "Act of God," the employe is not entitled to compensation unless in the performance of his duties he was exposed to the danger to a greater extent than the ordinary person in that locality; and that the risk of injury from lightning to which Dunnigan was exposed while harrowing in an open and comparatively level field was at least no greater than the general risk to which all in that community were exposed. A number of cases are cited in support of this contention including the following in this court: State ex rel. Virginia & Rainy Lake Co. v. District Court, 138 Minn. 131, 164 N. W. 585, L. R. A. 1918C, 116; State ex rel. Rau v. District Court, 138 Minn. 250, 164 N. W. 916, L. R. A. 1918F, 918; State ex rel. Nelson v. District Court, 138 Minn. 260, 164 N. W. 917, L. R. A. 1918F, 921; State ex rel. People C. & C. Co. v. District Court, 129 Minn. 502, 153 N. W. 119, L. R. A. 1916A, 344.

The evidence was taken before a referee. The commission adopted the findings of the referee as the findings of the commission. At the time of the accident, Dunnigan was walking immediately behind the harrow and about 12 feet behind the team. The evidence warrants a finding that the team was somewhat lively and that he had the lines wrapped around his hand. The team fell forward and he also fell forward. The relator presented expert testimony to the

effect that a bolt of lightning creates such a disturbance in the air that a person within a few feet off it, although not struck by the lightning, will receive a severe shock and is likely to be thrown down. Neither the referee nor the commission adopted the relator's theory that the injury was caused by the lightning. Both adopted the theory that it resulted, in part at least, from an independent cause. Their reasoning is along this line: Dunnigan was not struck by the lightning. The horses fell forward causing a jerk on the lines wrapped around his hand. The sudden stopping of the harrow while he was walking immediately behind it coupled with the jerk and the momentum of his body caused him to fall and resulted in the injury.

The findings of the commission are conclusive if supported by evidence from which a reasonable mind could draw such conclusions. State ex rel. Niessen v. District Court, 142 Minn. 335, 172 N. W. 133, and the numerous subsequent cases to the same effect, many of which are cited in Harris v. Kaul, 149 Minn. 428, 183 N. W. 828. If the lightning was not the sole cause of the injury, if conditions incidental to his employment concurred in producing it, Dunnigan is entitled to compensation. In performing his duties, he was walking in the usual position in close proximity to the harrow with the lines wrapped around his hand. His situation was such that a fall from any cause was likely to bring him in contact with the harrow. He may have been shocked and dazed by the lightning, yet his injury was caused by striking his head on the top of the harrow tooth. We cannot say that he would have been equally exposed to the same danger apart from his employment. We think the commission could fairly say that there was a causal connection between the manner in which and the conditions under which he performed his work and the injury which he sustained, and that the accident, in part at least, resulted from a risk incident to the work in which he was engaged. Reid v. Automatic Electric Washer Co. 189 Iowa 964, 179 N. W. 323; Central Illinois Public Service Co. v. Industrial Commission, 291 Ill. 256, 126 N. W. 144, 13 A. L. R. 967; State ex rel. Peoples C. & I. Co. v. District Court, 129 Minn. 502, 153 N. W.

119, L. R. A. 1916A, 344; Mahowald v. Thompson-Starrett Co. 134 Minn. 113, 158 N. W. 913, 159 N. W. 565.

The order of the commission is affirmed.