FORT PIERCE GROWERS ASSOCIATION and STANDARD ACCI-DENT INSURANCE COMPANY, v. JEANETTE STOREY and FLORIDA INDUSTRIAL COMMISSION.

21 So. (2nd) 451                          January Term, 1945
March 23, 1945                                    Division B

*Earnest, Lewis & Smith,* for appellants.
*Carroll Dunscombe* and *Raymond E. Barnes,* for appellees.

THOMAS, J.:

A deputy commissioner awarded the claimant "compensation benefits" because of the loss of her husband when he was killed by a bolt of lightning. The matter was reviewed by Florida Industrial Commission, and it was the consensus of that body that there was insufficient information in the record for the determination of the merits of the claim. No testimony was taken, the sole basis for the allowance having been a stipulation we shall presently quote.

It was indicated in the order of the commission that a question of law was involved which could not be considered and determined on the meager facts appearing in the stipulation; that is, whether injury from lightning is compensable. Decision, observed the commission, would turn on the circumstance whether the employee from the nature of his work was peculiarly exposed to injury from that source. If he was, the commission thought, the injury might be said to have arisen out of the employment; if he was not, it might be decided to have resulted from a risk "common to all and independent of employment. . . ." Lack of facts on the causal connection between the accidental death and the employment impelled the board to reverse the ruling of the deputy and remand the cause with directions to entertain further evidence on the point in doubt. This disposition of the controversy met with the approval of the circuit judge on appeal.

The stipulation consists of but three sentences. The last two designate dependents and specify the amount of the victim's earnings. Only the first is relevant here: "Woodward Harley Storey, an employee of Fort Pierce Growers Association, Fort Pierce, Fla., and while so employed on August 17, 1943, was struck by a bolt of lightning and killed instantly."

There are two essentials of compensable injury. It must arise (1) out of, and (2) in the course of, the employment. Section 440.09, Florida Statutes, 1941, and F.S.A. Fidelity and Casualty Company of New York v. Moore, 143 Fla. 103, 196 So. 495. Neither factor is ascertainable with any degree of certainty from the stipulation in this case. We do not propose to decide now whether the rule of law cited by the

commission is applicable to this case because we feel, as they did, that there is a paucity of facts to show the origin of the injury and the causal connection between it and the employment by reason of unusual exposure or some other risk incident to the employment. We think it should not be determined that an employee's injury from lightning is in all cases compensable or that it is only compensable when he is peculiarly exposed to the danger, when we know no more of the facts surrounding the injury than appear from the stipulation.

The second ingredient seemed to cause the commission small, if any, concern, and we are therefore reluctant to comment upon it; however, it is so closely allied to the first that we cannot resist remarking upon the dearth of evidence that the employee was hurt while actually at labor.

It is merely said that he was injured "while so employed," after describing him as an employee of Fort Pierce Growers Association. It seems to us that a person might be truthfully described as an employee of that company and as having been injured while so employed, yet have met his death during leisure hours.

There is of course a presumption, in proceedings to enforce a claim under Florida Workmen's Compensation Act, "that the claim comes within" its provisions, Section 440.26 (1), Florida Statutes, 1941, and F.S.A., but, as we have said, Fidelity and Casualty Company v. Moore, supra, the claimant is not thereby relieved of proving the two elements we have already detailed, and this presumption may vanish in the light of contrary testimony.

In remanding the cause the court did not look with disfavor upon the stipulation, a method long since approved by this Court for simplifying trials and making them more accurate, but only approved having it supplemented with facts necessary to an intelligent determination of the vital element we have pointed out. Every word of the agreement may be given effect and yet may be established whether the injury from lightning was suffered under such conditions as to lead to a conclusion that it arose from the employment and that

the deceased was really engaged in that employment when killed.

We think the commission was well within its authority in entering the challenged order. The stipulation should be honored, but it was incomplete on an important issue. The commission had express authority to "affirm, reverse or modify said award, or *remand to a deputy commissioner for further proceedings.*" (Italics furnished.) Section 440.25 (4), Florida Statutes, 1941, and F.S.A. They followed the last course. The deputy in obedience to that order may preserve every word of the agreement and still hear testimony, not inconsistent with it, developing additional circumstances. which will aid him, and the commission if their review is again sought, to decide whether the injury arose from and in the course of the employment.

We agree with the conclusion of the circuit judge affirming the commission's order.

Affirmed.

CHAPMAN, C. J., BROWN and SEBRING, JJ., concur.