FORT PIERCE GROWERS ASSOCIATION AND STANDARD ACCIDENT INSURANCE COMPANY v. JEANETTE STOREY and FLORIDA INDUSTRIAL COMMISSION.

29 So. (2nd) 205            June Term, 1946
January 13, 1946            En Banc
Rehearing denied February 11, 1947

*Earnest, Lewis & Smith,* for appellants.

*Raymond E. Barnes* and *Carroll Dunscombe,* for appellees.

PER CURIAM:

Mr. Justice THOMAS has set forth the history of this case with a complete analysis of the questions for decision in his dissenting opinion. A majority of the court is of the opinion that sufficient legal evidence was adduced to show that Storey met his death under circumstances which would warrant relief.

When the electric storm arose Storey sought shelter under a tarpaulin provided by his employer. The tarpaulin was suspended between two trees which were higher than the surrounding growth which increased the hazard of injury by lightning. Once under the shelter he chanced to sit on a box of tools thereby subjecting himself to greater danger to lightning than to others in general.

We hold that the employee met his death by an accident arising out of and in the course of his employment and the order appealed from is reversed with directions to enter an award for the claimant as provided by statute.

Reversed. · · ·

CHAPMAN, C. J., TERRELL, BUFORD, ADAMS and BARNS, JJ., concur.

THOMAS, J., dissents.

THOMAS, J., dissenting:

In the former appearance of this litigation in this court we reviewed and approved an order of the circuit court affirming one of the Florida Industrial Commission which reversed the award of the deputy commissioner and remanded the cause for the taking of additional testimony. In brief, we thought the mere statement that the employee (of Fort Pierce Growers Association) was killed by lightning "while so employed" was inadequate to establish that death came to him from an injury arising (1) out of and (2) in the course of his employment. 155 Fla. 769, 21 So. (2nd) 451.

Following our decision a new stipulation was executed by counsel for the claimant and for the employer and insurance carrier, incorporating the one which had been held insufficient and stating that, in addition to it, the controversy "may be determined" upon the facts delineated in one sentence: that

the deceased employee, as a part of his work, in the cultivation and care of citrus groves, drove a tractor which drew a spraying machine; that while he was thus engaged a thunder storm arose and he took shelter under a tarpaulin a short distance away, where he was soon afterward struck by lightning and killed instantly.

The deputy commissioners who entertained the matter on its return from this court reviewed the history of the controversy, recognized these stipulations, then considered testimony adduced in a companion case, and arrived at the conclusion that an award should be made to the widow of the dead employee. The full commission approved his findings, with certain modifications as to the manner of compensation, and again the matter was taken to the circuit court. There it was found that the decisions of both the deputy commissioner and Florida Industrial Commission had been predicated upon the record of another case, despite the agreement of counsel restricting the evidence to the contents of the two stipulations. The judge was presented at the hearing with a motion on the part of the appellants to strike this foreign record and also one of the Florida Industrial Commission to remand the cause for the taking of further testimony.

The circuit judge eventually came to the view that no actual or tacit agreement had been entered into between the parties authorizing the inclusion of testimony from another hearing, and he therefore granted the motion to strike. It was his opinion, too, that, inasmuch as both the deputy commissioner and the Florida Industrial Commission had interpreted a certain letter witten by counsel for appellants as consenting to the use of testimony taken in the companion case, it would be only fair that the cause be remanded again so that an opportunity might be afforded to adduce testimony to take the place of that which had been improperly considered and subsequently eliminated.

Based on the record just described, the appellants now pose two questions. One constitutes a challenge to the power of the circuit judge to remand the cause for the purpose of receiving additional testimony when the parties had agreed that the contest be determined on the facts disclosed by the two

stipulations and that "no further . . . testimony . . . be taken . . . " A discussion of it would be purely academic if the agreed facts are sufficient to form a predicate for an answer to the second question, i.e., whether death by lightning is compensable under the Workmen's Compensation Law, Chapter 440, Florida Statutes, 1941, and F.S.A.

It seems unnecessary now to pause and decide whether stipulations will be looked upon with the usual favor if they go so far as to provide not only that the contents reflect the salient facts but that the court shall be restricted in its consideration to the facts stated. It is doubtful that a court should be thus precluded from obtaining further information found necessary to an intelligent decision but I think there is no need to elaborate on the question because in my opinion the circumstances surrounding the death of the claimant's husband are sufficiently disclosed by the stipulation to support a decision on the compensability under the act.

We have construed the words "in the course of employment" as referring to the " 'time, place and circumstances under which the accident occurs.' " Bituminous Casualty Corporation, et al. v. Richardson, 148 Fla. 323, 4 So. (2nd) 378. We have said that to be compensable the injury must occur " 'within the period of the employment, at the place where the employee may reasonably be, and while he is reasonably fulfilling the duties of his employment or engaged in doing something incidental to it.' " Sweat v. Allen, 145 Fla. 733, 200 So. 348.

It is a fair deduction from the stipulated circumstances that the employee was performing his duties when interrupted by the appearance of the storm. He did the natural thing when he sought shelter under the tarpaulin, and I am convinced that he met his death "in the course of his employment" as contemplated in the act. The simple question then remains whether his death from a lightning bolt in these circumstances may be said to have arisen "out of" the employment. We have had occasion to define this phrase also: " 'for an injury to arise out of and in the course of one's employment, there must be some causal connection between the injury and the employment or it must have had its origin in some risk

incident to or connected with the employment or . . . it [must have] flowed from it as a natural consequence.' " Sweat v. Allen, supra.

The Supreme Judicial Court of Massachusetts in dealing with the subject now under study decided that an injury could not be said to have arisen "out of the employment unless the employment was a contributing, proximate cause" and further that an injury does not arise out of the employment if the risk of injury is one to which the employee "would have been equally exposed apart from his employment." Donahue v. Maryland Casualty Company, 226 Mass. 595, 116 N.E. 226. From this case and other authorities I have examined I understand the true rule to be that an award for injury or death will not be allowed if it springs from a peril to which the public at large is exposed. It was evidently not contemplated by the act that it would afford insurance against every kind of misfortune. Industrial Commission of State of Colorado v. Anderson, 69 Colo. 147, 169 p. 135. So, as a general principle, the employer is not responsible for damages caused by lightning and such misfortunes inasmuch as " 'human vigilance and industry can neither foresee nor prevent' " them. State ex rel. Nelson v. District Court, Ramsey County, 138 Minn. 260, 164 N.W. 917. There is, however, an exception to this rule that compensation may be allowed if the employee "in the performance of the duties for which he was engaged, in the manner required or contemplated by the employer" is necessarily exposed to "a danger materially in excess of that to which people commonly in that locality are exposed . . . " This exception we have quoted in our own decision in Orr et al. v. Florida Industrial Commission et al., 129 Fla. 369, 176 So. 172. In that particular case the injury had resulted. from sunstroke, but the same exception would apply in a case of death by lightning with which we are presently concerned.

The question, then, is whether in the instant case the rule or the exception controls. From the very nature of the deceased's services it appears to me that the danger to which he was exposed was the same as is faced by any other person who happens to be outdoors when an electric storm occurs. Death could have come to a casual traveler in the same fashion, for

certainly there was nothing about the employment itself which subjected the employee to any peculiar danger from lightning. No one could have foreseen that he would be stricken by lightning as he sought refuge under the tarpaulin when his work was interrupted by the appearance of the storm.

I have the conviction that the presumption of the act (Section 440.26, Florida Statutes, 1941, and F.S.A.) was overcome by the proof, meager as it was, that the deceased met his death from a *force majeur* which could not have been foreseen or prevented and could not be traced to any exposure necessary to the performance of his services.