32415. McKINEY *v.* REYNOLDS & MANLEY LUMBER COMPANY.

DECIDED JUNE 1, 1949. REHEARING DENIED JULY 30, 1949.

*Ernest J. Haar,* for plaintiff.

*Shelby Myrick,* for defendant.

MacIntyre, P. J. Since it is well settled that the findings of fact of the State Board of Workmen's Compensation are conclusive (*Ocean Accident & Guaranty Corp.* v. *Council,* 35 *Ga. App.* 632 (2), 134 S. E. 331, and cit.), the only question for determination by this court is whether there was sufficient evidence to authorize the finding of the single director that the husband of the claimant did not sustain an accidental injury which "arose out of his employment." It was admitted that the deceased met his death "in the course of" the employment.

The findings of fact by the single director bearing upon that point are these: "The deceased was a common laborer working in the lumber yard of the Reynolds & Manley Lumber Company. He was known as a lumber stacker, his duties consisting of stacking lumber and loading the lumber on vehicles. On June 30, 1948, some fifteen employees were working in and around the lumber yard of the defendant, the deceased being one of this number. The deceased and a fellow employee had finished loading a wagon with dry lumber from a lumber stack. They had completed loading the wagon, and the deceased's fellow employee left the scene for the purpose of getting a tractor driver to haul the wagonload of lumber away. While waiting for his fellow employee to return, the deceased leaned up against a pile of lumber, when, without warning, a bolt of lightning struck the deceased, causing instant death. It was not raining at the time, nor had it rained that day. *There were no trees in the lumber yard or in the immediate vicinity* where the deceased was standing. *There was nothing on the person of the deceased such as a hammer, saw, shovel or other metallic object* which might be said to have attracted the lightning. From the entire evidence it is apparent that the deceased was merely standing at a spot where the bolt of lightning chose to strike. . . *The danger of being struck by lightning is not peculiar to lumber yards,* it is a common neighborhood hazard *and not peculiar to the deceased's employment.* Being struck by lightning is not a risk incident to working in a lumber yard, nor is it a risk connected with the business of stacking and loading lumber. The deceased was no more subjected

to the hazard of being struck by lightning than any other person in the neighborhood." (Emphasis added.) Counsel for both the claimant and the defendant rely with equal fervor upon the case of *City of Atlanta* v. *Parks,* 60 *Ga. App.* 16 (2 S. E. 2d, 718); and judging from the language used by the single director in his award, which we have italicized in quoting the award above, the single director was much influenced by that decision. In the *Parks* case it appeared that the employee for whose death compensation was awarded his widow was engaged, as an employee of the City of Atlanta, in spraying a disinfectant in the swamps and branches of the city for the purpose of killing mosquitoes. In the performance of his duties he wore on his back a four-gallon can of galvanized iron. During the performance of this work it appeared from the evidence that he was apparently killed by lightning while standing in water under a tree during a shower of rain when the tree was struck by lightning. The *Parks* case is an excellent one, but it must be read in the light of what is actually held there, and not necessarily in the light of all of the language it quotes from other cases in reaching its conclusion. Briefly stated, the ruling in that case is this: If an employee be where his duties require him to be and he be exposed, by reason of his employment to a hazard not equally shared by the community, and he be accidentally injured as a result of that hazard, his injury is compensable as arising out of and in the course of his employment. In the award denying compensation' it is said: "There were no trees in the lumber yard or in the immediate vicinity where the deceased was standing. There was nothing on the person of the deceased such as a hammer, saw, shovel, or other metallic object which might be said to have attracted the lightning." Now obviously, in order for an employee's injury or death by lightning to be compensable, it is not necessary that he be standing with metal upon his person beneath a wet tree. While it is true that the tree and galvanized iron container in the *Parks* case furnished the "extra hazard" of the employee's being struck by lightning in that case, there is a multiplicity of objects and situations which might subject an employee to the hazard of injury or death by lightning. Further in the award we find this language: "The danger of being struck by

lightning is not *peculiar* to lumber yards, it is a common neighborhood hazard and not *peculiar* to the deceased's employment. Being struck by lightning is not a risk incident to working in a lumber yard, nor is it a risk connected with the business of stacking lumber." It is not a condition precedent to the allowance of compensation for injury or death that the injury or death must have been the result of a hazard peculiar to the particular employment. See State *v.* District Court, 129 Minn. 502 (153 N. W. 119, L. R. A. 1916 A, 344), cited in *City of Atlanta* v. *Parks,* supra. It appeared from the evidence that the lumber yard in which the employee was working at the time of his death was located in a large open area free from trees, wires, or poles. The lumber yard contained between five and six million feet of lumber in stacks varying in height up to ten feet. It had rained every day on several consecutive days and the lumber was either wet or damp. An official of the defendant company testified that the only thing in the lumber yard to attract lightning was the stacks of lumber. In this so large and open area, it seems to us that the absence of trees, poles, wires, etc., would, under the conditions described, tend to attract the electrical potential to that area. And as was said in the *Parks* case, when lightning breaks, indoor protection is a refuge indisputably safer than in the open. The evidence shows that the employee was where his duties required him to be, in the large lumber yard among stacks of wet or damp lumber, and the finding was demanded that by reason of his employment he was exposed to a hazard not equally shared by the community. It is of no importance that lightning had never before struck in the lumber yard. The test is not whether the injury was caused by an act of God, but whether the one injured was by his employment specially endangered by the act of God, be it lightning, tornado, or windstorm. *Maryland Casualty Company* v. *Lilly,* 62 *Ga. App.* 806 (10 S. E. 2d, 110). "Where the duties of an employee entail his presence [at a place and a time], the claim for an injury there occurring is not to be barred because it results from a risk common to all others . . unless it is also common to the general public without regard to such conditions, and independently of place, employment, or pursuit. *New Amsterdam*

*Casualty Co.* v. *Sumrell,* 30 *Ga. App.* 682 (118 S. E. 786), cited in *Globe Indemity Co.* v. *MacKendree,* 39 *Ga. App.* 58 (146 S. E. 46). We hold that, under the evidence in this case, the employee met his death from an accident arising out of his employment and in the course of his employment, and the superior court erred in affirming the award of the single director denying compensation.

*Judgment reversed. Gardner and Townsend, JJ., concur.*

ON MOTION FOR REHEARING.

MacINTYRE, P. J. "The great weight of authority now compensates for heat prostration without proof of increased hazard, and whether due to unusual conditions or not. There is no adequate reason for preferring those injured by nature's sun or heat, over those injured by nature's lightning, winds, or other phenomena." 3 NACCA Law Journal, 51. "Lightning cases are now partially taken care of, by taking judicial notice without experts, of increased risks, such as when wet and standing under a tree, or by seeking shelter in an isolated barn, or dilapidated house, or while on a wet roof." 3 NACCA Law Journal, 49. Be that as it may, in the instant case judicial notice may be taken that the position of the employee, under the facts of this case, especially exposed the employee to the risk of the injury and thus supplied the causal relationship. See Chiulla de Luca *v.* Board of Park Com'rs of City of Hartford, 94 Conn. 7 (107 Atl. 611); Buhrkuhl *v.* F. T. O'dell Const. Co., 232 Mo. App. 967 (95 S. W. 2d, 843); Truck Ins. Exchange *v.* Industrial Accident Commission, 77 Cal. App. 2d, 461 (175 Pac. 2d, 884); Bauer's Case, 314 Mass. 4 (49 N. E. 2d, 118); Fort Pierce Growers Assn. *v.* Storey, 158 Fla. 192 (29 So. 2d, 205). Therefore, we are of the opinion that the judgment of this court reversing the superior court's affirmance of the single director's award denying compensation is correct and just, and that the motion for rehearing should be

*Denied. Gardner and Townsend, JJ., concur.*