54 So.2d 686 (1951)
GLASSER
v.
YOUTH SHOP, Inc. et al.
Supreme Court of Florida, Special Division A.
November 2, 1951.
*687 Watkins & Cohen, Tallahassee, and Harry Goodmark, West Palm Beach, for appellant.
Culver Smith, and Earnest, Lewis, Smith & Jones, all of West Palm Beach, and Wendell C. Heaton, Tallahassee, for appellees.
ROBERTS, Justice.
This is a workmen's compensation case in which the Deputy Commissioner, the Florida Industrial Commission, and the Circuit Court of Palm Beach County held successively that the claimant, appellant here, was not entitled to compensation under the Workmen's Compensation Act, Chapter 440, Florida Statutes.
The undisputed facts are, in substance, as follows: Appellant is the vice president and manager of The Youth Shop, Inc. One of his duties as such employee was to record the daily sales of the store, and it was his custom to take the books home with him at night and make up his report at home, generally in the morning before departing for work. He was not required to do so, although "under the policy of the firm" he was authorized to do so. On the morning in question, the appellant arose at 7:00 A.M., worked for an hour on the store records in an "office" adjoining his bedroom on the second floor of his home, and then descended the stairs to the first floor to have breakfast and then go on to the store. He was carrying his daily record book and some other papers in a folder. While descending the stairs, he slipped and fell, sustaining a fractured shoulder and other injuries.
The sole question here is whether the appellant's injury arose "out of and in the course of employment", within the meaning of Section 440.09, Florida Statutes.
The purpose of the Workmen's Compensation Act, as expressed in Protectu Awning Shutter Co. et al. v. Cline, 154 Fla. 30, 16 So.2d 342, 343, is "to shoulder on industry the expense incident to the hazards of industry; to lift from the public the burden to support those incapacitated by industry and to ultimately pass on to the consumers of the products of industry such expense." Since industry must carry the burden, there must then be some causal connection between the employment and the injury, or it must have had its origin in some risk incident to or connected with the employment, or have followed from it as a natural consequence. General Properties Co. v. Greening, 154 Fla. 814, 18 So.2d 908; Fidelity & Casualty Co. of New York v. Moore, 143 Fla. 103, 196 So. 495; Sweat v. Allen, 145 Fla. 733, 200 So. 348. While there is a presumption that the claim comes within the provisions of the Act, the claimant is not relieved of the burden of proving that the injury arose out of and in the course of employment. Fort Pierce Growers Ass'n v. Storey, 155 Fla. 769, 21 So.2d 451.
When tested by the above rules, appellant's injury cannot be said to have arisen "out of and in the course of his employment." The appellant was not on the stairs because of his employment; he would *688 have been there in any event, regardless of whether he had brought his work home from the store. If the appellant had been required to do the work at his home, then there might be some justification for saying that his employer had assumed the risks incident to performing the work on appellant's own premises with the consequent liability under the Workmen's Compensation Act. This question is not here presented, however, and we do not decide it.
In London Guarantee & Accident Co. v. Industrial Accident Commission, 190 Cal. 587, 213 P. 977, 978, the claimant had, with his employer's approval, taken some work to his own home to do. He arrived there about 11:00 o'clock and, after finishing his calculations at about 12:30 o'clock, he ate his lunch. As he was leaving his home for the purpose of returning to the office, he slipped on a hardwood floor in his home and sustained an injury. In holding that the injury did not arise out of the course of his employment, the court said: "* * having remained in his home after the completion of the work for the purpose of taking his lunch, his object in going there was accomplished, and his service to his employer was not resumed until his return to his place of employment; and that the carrying of the computations to the office was merely incidental to his main purpose of returning there. He is in no different position than if he had gone to a restaurant for his lunch and had there slipped on the floor, or if he had finished his work in his home late in the afternoon, and had remained at home until the following morning, intending to take the computations with him to the office at that time. We think therefore that his injury, suffered under the circumstances detailed, was not one coming within the provisions of the act."
See also Morgan v. Hoage, 63 App.D.C. 355, 72 F.2d 727; Scanlon v. Herald Co., 201 App.Div. 173, 194 N.Y.S. 663; Industrial Commission of Colorado v. Anderson, 69 Colo. 147, 169 P. 135, L.R.A. 1918F, 885; Industrial Commission of Ohio v. Gintert, 128 Ohio St. 129, 190 N.E. 400, 92 A.L.R. 1032, for decisions of courts of other states in which the facts are somewhat similar to those in the instant case.
For the reasons stated, the order of affirmance of the Circuit Court should be and it is hereby
Affirmed.
SEBRING, C.J., and CHAPMAN, J., and DICKINSON, Associate Justice, concur.