AGUSTÍN CANDELARIA ET AL., Petitioners, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, Respondent.

No. 573. Decided March 15, 1962.

---

*Gilberto R. Padró Díaz* for petitioners. *Donald R. Dexter, Jorge de la Cruz Figueroa, Angel de Jesús Matos, Luis Muñiz Alvarez,* and *Carmen Ana Archeval* for the State Insurance Fund.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos and Mr. Justice Santana Becerra.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

This is a petition for review in which two labor accidents are involved: one which occurred in the ward of Dominguito in the Municipality of Arecibo, in the farm of the employer Ramón Quiles Molina, and another which occurred in the ward of Islote, also in the Municipality of Arecibo, in the farm of the employer Joaquín Lago Padín. The accident in the ward of Dominguito and which involves workmen Margaro González Vélez, Ramón Cuevas Martínez, and Agustín Candelaria, occurred in the following manner: On August 25, 1958, the overseer Margaro González, and the laborers Ramón Cuevas Martínez and Agustín Candelaria were working together with their employer in his farm; it was a cloudy day, and when lunchtime arrived the employer retired from work because he was feeling ill, advising the others to stay in a shack which was used for shelter while

it rained, and that if it keep raining they should not work in the afternoon; but while they were taking shelter in the shack, lightening struck and hit the overseer Margaro González and the laborer Ramón Cuevas Martínez, killing them. and injuring the laborer Agustín Candelaria.

The accident in the ward of Islote and which involves the laborers Luis G. Alvarez Valle, Juan Betancourt, Angel Luis Maldonado, and Andrés Roja Santiago, occurred in the following manner: On August 19, 1958 said workmen were working under overseer Cecilio Campos Reyes; after lunch they began working but fifteen minutes later they had to stop because of the rain and went to take shelter under the eaves of a house located in the same farm of the employer. where Angel Luis Morales lived and Juan Betancourt had his meals; when they were about to reach said eaves, according to the laborers, or after reaching it, according to the evidence of the Administration, a thunderbolt fell in front of the house, killing Luis G. Alvarez Valle and injuring Juan Betancourt, Angel Luis Maldonado, and Andrés Roja Santiago.

The Manager of the State Insurance Fund and the Industrial Commission of Puerto Rico denied compensation because in their opinion, as a matter of law, they were not labor accidents, but risks common to the public. In its review before this Court, the dead laborers' beneficiaries and the injured laborers assign as the main error the conclusion of law that these cases are not included among the risks foreseen by § 2 of Act No. 45 of April 18, 1935, as amended —11 L.P.R.A. § 2—which provides: "The provisions of this chapter shall be applicable to all such workmen and employees working for the employers to whom the following paragraph refers, as suffer injury, are disabled or lose their lives by reason of accidents caused by any act or function inherent in their work or employment, when such accidents happen in the course of said work of employment, and as a

consequence thereof; or such as suffer disease or death caused by the occupations specified in the following section..."

■ These three concepts: (1) arising out of any act or function; (2) peculiar to the work or employment; (3) and which occur in the course of said work or employment, were the object, in the past, of subtle interpretations which succeeded in paralyzing the remedial spirit of the new institution. Almost all of the theories which once governed and still govern compensations for civil negligence were applied to this type of special compensation, which undoubtedly does not partake of the nature of a civil action for negligence. Fortunately, modern jurisprudence has been correcting this erroneous approach and has been liberalizing the rules which developed with respect to the three classic concepts, creating a causal relation with the work itself, which permits a broader application of the implied social security which typifies the compensation for labor risk. For a clear sign of our attitude to the problem, see: *Cordero, Mgr.* v. *Industrial Commission*, 61 P.R.R. 349, 353–55 (Del Toro, 1943).

■■ In cases of death or injury produced by a thunderbolt, besides the ordinary requirements that the accident must arise out of an act or function peculiar to the work and in the course thereof, established by the statutes or former case law, following the same approach of considering the workmen's compensation as compensation for civil negligence, it was further required that the risk of working conditions should be greater than the risk to which the general public was exposed and that the accident should not be caused by blind forces of nature not subject to man's control, which in a metaphorical sense of doubtful validity, is known as the "act of God." Fortunately, we can contemplate today that additional requirement with the serenity with which we contemplate "the sacred remains of a beloved fossil." Authorities have established that it is sufficient that there be

a causal relation between the death or injury caused by thunderbolt, and the fact that at the moment of striking the thunderbolt the workman was at his work to consider the accident compensable, without having to prove whether the risk to which the workman was exposed was greater or less than the risk to which the general public was exposed. *C. A. Dunham Company* v. *Industrial Commission*, 156 N.E.2d 560, 561, 565 (Bristow, 1959) ; *Madin* v. *Industrial Accident Commission*, 292 P.2d 892, 896 (Carter, 1956) ; *Bergren* v. *S. E. Gustafson Construction Company*, 68 N.W.2d 477, 479–480 (Smith, 1955) ; *Crutchfield et al.* v. *Bogle et al.*, 270 P.2d 640, 642 (Davison, 1954) ; *McKiney* v. *Reynolds & Manley Lumber Company*, 54 S.E.2d 471, 473–74 (MacIntyre, 1949) ; HOROVITZ, *Workmen's Compensation: Half Century of Judicial Developments*, 41 Neb. L. Rev. 18–21 (1961) ; HOROVITZ, Injury and Death Under Workmen's Compensation Laws 106, 107 (Wright & Potter Printing Co., 1948 ed.).

■ The fact that the accident occurred, in one case, while the workmen were taking shelter in a shack, and in the other, while they were protecting themselves from the rain under the eaves of a house in the farm of the employer upon leaving their work, can not change the theory of the case. The personal comfort rule makes compensable, as an incidental working risk, the period of time taken by a workman in going to or coming from his work, taking a rest during working periods, or lunchtime, if he remains within the premises of his employer: *Manager of State Fund* v. *Industrial Comm'n and Heirs of Alvarez*, 73 P.R.R. 14, 23–24 (Todd, Jr., 1952) ; *Atiles, Mgr.* v. *Industrial Commission and Heirs of González*, 69 P.R.R. 887, 889 (De Jesús, 1949) ; *Cordero, Mgr.* v. *Industrial Commission*, 61 P.R.R. 40, 41 (Travieso, 1942) ; *Sweet* v. *Kolosky*, 106 N.W.2d 908, 910 (Knutson, 1960) ; *Krier* v. *Dick's Linoleum Shop*, 98 N.W.2d 486, 487–88 (Roberts, 1960) ; *Van Roy* v. *Industrial Comm.*, 92 N.W.2d 818, 823–24 (Currie, 1958) ; *Krause* v. *Western*

*Casualty & Surety Co.*, 87 N.W.2d 875, 882 (Currie, 1958);
*American Motors Corp.* v. *Industrial Commission*, 83 N.W.2d
714, 718–19 (Steinle, 1957).

The special or additional exception made in favor of the
workman Angel Luis Maldonado for having reached the eaves
of the house where he lived does not convince us. The
juncture of time may become an usury of the spirit, in-
compatible with the remedial tendency of the statute.

The decisions of the Board appealed from will be reversed.